**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

Zachariah J. Hughes                              Case No: 3:14-bk-02241-JAF
Christina M Hughes

_____ Debtors    /

**FOURTH AMENDED CHAPTER 13 PLAN**

**CHECK ONE:**

____ Debtor[1] certifies that the Plan does not deviate from the model plan adopted by the Court at the time of the filing of this case. Any nonconforming provisions are deemed stricken.

  X   The Plan contains provisions that are specific to this Plan in paragraph 9, Nonconforming Provisions. Any nonconforming provision not set forth in paragraph 9 is deemed stricken.

**1.** **MONTHLY PLAN PAYMENTS.** Plan payments include the Trustee's fee of 10% and shall begin 30 days from petition filing/conversion date. Debtor shall make payments to the Trustee for the period of 60 months. If the Trustee does not retain the full 10%, any portion not retained will be disbursed to allowed claims receiving payment under the plan and may cause an increased distribution to the unsecured class of creditors:

(A)  $ 800.00   for months 1        through 16       
(B)  $ 1,695.00 for months 17       through 60       
(C)  $          for months          through          

To pay the following creditors:

**2.** **ADMINISTRATIVE ATTORNEY'S FEES.**

**Base Fee $3,500.00   Total Paid Prepetition $ 3,500.00   Balance Due $ 0.00**

**Estimated Additional Fees Subject to Court Approval   $ n/a**
**Attorney's Fees Payable through Plan $ 25.00          Monthly in months 1-60 (subject to adjustment)**

---

[1] All references to "Debtor" include and refer to both of the debtors in a case filed jointly by two individuals.

3. **PRIORITY CLAIMS (as defined in 11 U.S.C. § 507).**

| Last 4 Digits of Acct No. | Creditor | Total Claim |
|---|---|---|

**Account ending 7243, Internal Revenue Service** has a priority claim in the amount of **$5,044.52** for unpaid income taxes. The Trustee shall pay this creditor the sum of $5,044.52 with monthly payments in the amount of $250.00 in months 17-36 and $44.42 in month 37.

4. **TRUSTEE FEES.** Trustee shall receive a fee from each payment received, the percentage of which is fixed periodically by the United States Trustee.

5. **SECURED CLAIMS.** Pre-confirmation payments allocated to secured creditors under the Plan, other than amounts allocated to cure arrearages, shall be deemed adequate protection payments.

**(A) Claims Secured by Real Property Which Debtor Intends to Retain/ Mortgage Payments and Arrears, if any, Paid through the Plan.** If the Plan provides for curing prepetition arrearages on a mortgage, Debtor will pay, in addition to all other sums due under the proposed Plan, all regular monthly postpetition mortgage payments to the Trustee as part of the Plan. These mortgage payments, which may be adjusted up or down as provided for under the loan documents, are due beginning the first due date after the case is filed and continuing each month thereafter. The Trustee shall pay the postpetition mortgage payments on the following mortgage claims:

| Last 4 Digits of Acct No. | Creditor | Collateral Address | Reg. Mo. Pmt. | Gap Pmt. | Arrears |
|---|---|---|---|---|---|
| | | | | | |
| | | | | | |
| | | | | | |

**(B) Claims Secured by Real Property/Debtor Intends to Seek Mortgage Modification.** Pending the resolution of a mortgage modification request, Debtor shall make the following adequate protection payments to the Trustee: (1) for *homestead* property, the lesser of 31% of gross disposable monthly income of Debtor and non-filing spouse, if any (after deducting homeowners association fees), or the normal monthly contractual mortgage payment, or (2) for *non-homestead*, income-producing property, 75% of the gross rental income generated from the property:

| Last 4 Digits of Acct. No. | Creditor | Collateral Address | Pmt. Amt. |
|---|---|---|---|
| | | | |
| | | | |
| | | | |
| | | | |

**(C) Claims Secured by Real Property or Personal Property to Which Section 506 Valuation APPLIES.** Under 11 U.S.C. § 1322(b)(2), this provision does not apply to a claim secured solely by Debtor's principal residence. A separate motion to determine secured status or to value the collateral must be filed. The secured portion of the claim, estimated below, shall be paid:

**Last 4 Digits   Creditor       Collateral       Claim Amt. Value    Pmt.  Interest @**
**_____% of Acct No.Desc./Address**

_____
_____
_____

**(D)   Claims Secured by Real Property and/or Personal Property to Which Section 506 Valuation DOES NOT APPLY.** Claims of the following secured creditors shall be paid in full with interest:

**Last 4 Digits   Creditor       Collateral       Claim Amt.    Pmt.  Interest @**
**_____% of Acct No.Desc./Address**

1. Account ending 9091, Charles Schwab Bank holds a claim secured by the Debtors' homestead real property located at 2442 Bentshire Drive, Jacksonville, FL 32246 for post-petition fees and expenses in the amount of $975.00 which includes 0% interest. The Trustee shall pay this creditor the sum of $975.00 with monthly payments in the amount of $25.00 in months 17-55.

2. Account ending 9092, Charles Schwab Bank holds a claim secured by the Debtors' homestead real property located at 2442 Bentshire Drive, Jacksonville, FL 32246 for post-petition fees and expenses in the amount of $975.00 which includes 0% interest. The Trustee shall pay this creditor the sum of $975.00 with monthly payments in the amount of $25.00 in months 17-55.

3. **Account ending 9433, Wells Fargo Bank, N.A.** holds a secured claim by lien in the Debtors' 2010 Nissan Pathfinder, VIN: 5N1AR1NN3AC621426, in the amount of $32,658.62. The Trustee shall pay this creditor the sum of $37,179.1573 (which includes 6.25% per annum simple interest), with monthly payments in the amount of **$681.50 in months 1-16, and $781.50 in months 17-49, and 485.65 in month 50**.

**(E)  Claims Secured by Personal Property – Maintaining Regular Payments and Curing Arrearages, if any, with All Payments in Plan.**

**Last 4 Digits   Creditor       Collateral           Regular Payment       Arrearages**
**of Acct No.                    Description**

_____
_____
_____
_____

**(F) Secured Claims/Lease Claims Paid Direct by Debtor.** The following secured claims/lease claims are being made via automatic debit/draft from Debtor's depository account and are to continue to be paid direct to the creditor or lessor by Debtor outside the Plan via automatic debit/draft. The automatic stay is terminated *in rem* as to Debtor and *in rem* and *in personam* as to any codebtor as to these creditors and lessors upon the filing of this Plan. Nothing herein is intended to terminate or abrogate Debtor's state law contract rights. (Note: The Plan must provide for the assumption of lease claims that Debtor proposes to pay direct in the Lease/Executory Contract Section 6 below.)

**Last 4 Digits**      **Creditor**
**Property/Collateral of Acct No.**

**Account ending 9091, CHARLES SCHWAB BANK** holds a secured claim on the Debtors' homestead property located at 2442 Bentshire Drive, Jacksonville, Florida 322460. The Debtors are current on their mortgage and shall make their regular monthly mortgage payment in the amount of **$957.31 in months 1-7 and $953.61 in months 8-60 directly to the creditor** (Ten Year Interest Only Mortgage ends 2-14-2018) and said payment will not be in the chapter 13 bankruptcy plan, subject to periodic changes in accordance with variations in the prevailing discount rate and /or potential escrow advances paid by this secured creditor.

**(G) Liens to be Avoided per 11 U.S.C. § 522/Stripped Off per 11 U.S.C. § 506.**
A separate motion to avoid a lien under § 522 or to determine secured status and to strip a lien under § 506 must be filed.

**Last 4 Digits**      **Creditor**      **Collateral**
**Description/Address of Acct No.**

**Account ending 9092, Charles Schwab Bank holds a second mortgage on the Debtors' homestead property located at 2442 Bentshire Drive, Jacksonville, Florida 32246. The Debtors filed an Adversary to strip off this lien and a Final Judgment stripping off the said lien was entered on August 20, 2014 in full satisfaction of the debt owed to this creditor. The Trustee shall make no payments to this creditor.**

**(H) Surrender of Collateral/Leased Property.** Debtor will surrender the following collateral/leased property. The automatic stay is terminated *in rem* as to Debtor and *in rem* and *in personam* as to any codebtor as to these creditors and lessors upon the filing of this Plan. (Note: The Plan must provide for the rejection of lease claims in the Lease/Executory Contract section below.)

**Last 4 Digits**      **Creditor**      **Property/Collateral to be**
**of Acct No.**      **Surrendered**

**Account ending 0040, CERASTES, LLC** holds a lien in the Debtors' 2009 Yamaha VIN JYACJ10C79A042842, in the amount of $3,470.82. The Debtors **surrender** their interest in this

4

motorcycle in full satisfaction of their debt obligation.

6. **LEASES/EXECUTORY CONTRACTS.**

**Last 4 Digits  Creditor         Property                Assume/Reject-Surrender    Est.
Arrears of Acct No.**

7. **GENERAL UNSECURED CREDITORS.** General unsecured creditors with allowed claims shall receive a *pro rata* share of the balance of any funds remaining after payments to the above referenced creditors or shall otherwise be paid under a subsequent Order Confirming Plan. The estimated dividend to unsecured creditors shall be no less than $ 32,968.43    .

8. **ADDITIONAL PROVISIONS:**

   (A)  Secured creditors, whether or not dealt with under the Plan, shall retain the liens securing such claims:

   (B)  Payments made to any creditor shall be based upon the amount set forth in the creditor's proof of claim or other amount as allowed by an Order of the Bankruptcy Court.

   (C)  Property of the estate (check one)*

        (1)  _____ shall not vest in Debtor until the earlier of Debtor's discharge or dismissal of this case, unless the Court orders otherwise; or

        (2)    X    shall vest in Debtor upon confirmation of the Plan.

   *If Debtor fails to check (a) or (b) above, or if Debtor checks both (a) and (b), property of the estate shall not vest in Debtor until the earlier of Debtor's discharge or dismissal of this case, unless the Court orders otherwise.

   (D)  The amounts listed for claims in this Plan are based upon Debtor's best estimate and belief and/or the proofs of claim as filed and allowed. The Trustee shall only pay creditors with filed and allowed proof of claims. An allowed proof of claim will control, unless the Court orders otherwise.

   (E)  The Debtor may attach a summary or spreadsheet to provide an estimate of anticipated distributions. The actual distributions may vary. If the summary or spreadsheet conflicts with this Plan, the provisions of the Plan control prior to confirmation, after which time the Order Confirming Plan shall control.

   (F)  Debtor shall timely file all tax returns and make all tax payments and deposits when due. (However, if Debtor is not required to file tax returns, Debtor shall

provide Trustee with a statement to that effect.) For each tax return that becomes due after the case is filed, Debtor shall provide a complete copy of the tax return, including business returns if Debtor owns a business, together with all related W-2s and Form 1099s, to the Trustee within 14 days of filing the return. Unless otherwise ordered by the Court, Debtor shall turn over to the Trustee all tax refunds in addition to regular Plan payments. Debtor shall not instruct the Internal Revenue Service or other taxing agency to apply a refund to the following year's tax liability. **Debtor shall spend no tax refunds without prior court approval.**

9. **NONCONFORMING PROVISIONS:**

**Adversary Attorney's Fee** $1500.00 **Total Paid Prepetition** $1500.00 **Balance Due** $0.00

**The Law Offices of Sacks and Sacks P.A., is due $1500.00 for an administrative expense and the Trustee shall pay The Law Offices of Sacks and Sacks, P.A.** the monthly sum of $25.00 per month as an administrative expense in months 1-60.

Dated this 1st day of September, 2015.

*/S/ Melanie J. Sacks, Esquire*
Melanie J. Sacks, Esquire
1646 Emerson Street, Suite B
Jacksonville, FL 32207
Florida Bar Number: 0158070
ph (904) 396-5557

fax (904) 399-5467

Melanie@sacksandsackslaw.com

### CERTIFICATE OF SERVICE

I DO HEREBY CERTIFY that a copy of the foregoing was furnished to Douglas W.Neway, Chapter 13 Trustee, by CM/ECF electronic delivery and to all creditors listed on the mailing matrix by US Mail this 1st day of September, 2015.

*/S/ Melanie J. Sacks, Esquire*
Melanie J. Sacks, Esquire